# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 24, 2005      Decided November 22, 2005
                               Reissued January 17, 2006

No. 04-7209

ELISABETH KIRKHAM,
APPELLEE

v.

SOCIÉTÉ AIR FRANCE, T/A AIR FRANCE,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01083)

———

*Lynn E. Calkins* argued the cause and filed the briefs for appellant.

*Athan T. Tsimpedes* argued the cause and filed the brief for appellee. *John M. Shoreman* entered an appearance.

Before: TATEL and GRIFFITH, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Under the Foreign Sovereign

Immunities Act, foreign states enjoy immunity from suit in federal court unless the plaintiff's claim falls within one of several enumerated exceptions. This case involves the "commercial activity" exception, which applies to any action "based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2). Appellee, an American citizen who injured her foot in a Paris airport, argues that her negligence suit against Air France fits within this exception because the airline's duty of care arose from her purchase of a plane ticket in the United States. The district court agreed. Because we find the ticket sale necessary to establish Kirkham's claim and thus sufficient to trigger the commercial activity exception, we affirm.

## I.

In 2000, appellee, Elisabeth Kirkham, purchased airline tickets through a Washington, D.C. travel agency for a trip from the United States to Paris and then on to Bastia. As scheduled, Kirkham took a United Airlines flight to Paris and then, four days later, went to Orly Airport for her Air France flight to Bastia. Placing her bags on a luggage cart, she asked for directions to her gate. After receiving conflicting information from several airport employees, Kirkham approached a blue-uniformed man whom she believed to be an Air France employee. The man examined Kirkham's plane ticket and offered to take her to her gate. Struggling to keep up as she pushed her luggage cart, Kirkham followed him into a highly congested area, where either a person or a luggage cart struck her foot. Kirkham fell to the ground, and the blue-uniformed man called security, which took her to the airport's medical center. Kirkham then spent nine days in the hospital before returning to the United States in a wheelchair. She has since had several foot surgeries and continues to suffer complications from her injury.

Kirkham filed suit in the United States District Court for the District of Columbia against Air France, alleging that the blue-uniformed man worked for the airline and that her injury resulted from his negligence. Air France then filed a motion for summary judgment, asserting that because the Republic of France owned a majority of Air France's shares at the time of Kirkham's injury, the Foreign Sovereign Immunities Act (FSIA) deprived the district court of subject matter jurisdiction. Kirkham responded that her claim falls under the FSIA's commercial activity exception, which provides:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which the action is based upon a commercial activity carried on in the United States by the foreign state . . . .

28 U.S.C. § 1605(a)(2). According to Kirkham, this exception applies because the ticket sale, which forms the basis of the "duty" element of her claim, occurred in the United States. Specifically, Kirkham claimed that the ticket sale established a passenger-carrier relationship, which imposed a duty on Air France to provide Kirkham "safe passage" between Paris and Bastia. Acknowledging it owes a duty of care towards its passengers, Air France nevertheless asserted that because the accident occurred in a public area of the airport before Kirkham checked in for her flight, she was at most a "prospective passenger" at the time of her injury. Given that no duty of care had arisen at that point, Air France argued, Kirkham failed to establish any link between her cause of action and the ticket sale, thus rendering the commercial activity exception inapplicable. Air France neither admitted nor denied that the blue-uniformed man was an employee, but referred to him as "unidentified" in its statement of uncontested facts.

4

The district court found, as the airline argued, that "[i]f Air France did not owe plaintiff a duty of care of safe passage at the time of the accident, then plaintiff cannot show that her claim was based on Air France's commercial activity." *Kirkham v. Société Air France*, No. 03-1083, slip op. at 10 (D.D.C. Nov. 2, 2004). Moving away from Air France's theory of the case, the court then explained that the exception's applicability turned on whether the individual escorting Kirkham worked for Air France and, if so, whether his actions "initiate[d]" the airline's duty of care toward her. *Id*. The court found that because Kirkham had testified that she believed the blue-uniformed man was an Air France employee and because Air France never disputed this claim, the man's employment status was "at the very least, a disputed material fact." *Id*. Reasoning that "by personally escorting plaintiff to her Air France flight, and instructing her to follow him, this employee exercised the necessary control over plaintiff to create the passenger-carrier relationship," *id*. at 12, the court concluded that the U.S. ticket sale formed a basis of Kirkham's claim, triggering the FSIA's commercial activity exception. Accordingly, the district court denied Air France's motion for summary judgment. *Id*. at 14.

Air France now appeals, arguing that the district court erred in (1) relying on Kirkham's speculation that the blue-uniformed man worked for Air France, and (2) finding that if the blue-uniformed man was in fact an Air France employee, Air France owed Kirkham a duty of care at the time of her injury.

## II.

We start by noting that Air France raised sovereign immunity through a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 56(e). Summary judgment, however, represents a decision on the merits, which courts may render only after jurisdiction has been established. *See, e.g.*, *Winslow v. Walters*,

815 F.2d 1114, 1116 (7th Cir. 1987) ("Seeking summary judgment on a jurisdictional issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits. This is a nonsequitur."). For this reason, parties seeking FSIA immunity do so through Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). We will thus treat Air France's summary judgment motion as a motion to dismiss and the district court's decision as a denial of a motion to dismiss for lack of subject matter jurisdiction. *See, e.g.*, *Mexiport, Inc. v. Frontier Commc'ns Servs., Inc.*, 253 F.3d 573, 574 n.2 (11th Cir. 2001) ("Because we are not bound by the label placed on the district court's disposition of the case, we will treat the district court's summary judgment ruling as a dismissal of the action.").

That established, we have jurisdiction to hear Air France's interlocutory appeal under the collateral order doctrine. *See El-Hadad v. United Arab Emirates*, 216 F.3d 29, 31 (D.C. Cir. 2000) ("The denial of a foreign state's motion to dismiss on the ground of sovereign immunity is subject to interlocutory appeal under the collateral order doctrine."). We review de novo a district court's denial of a motion to dismiss on sovereign immunity grounds. *See Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1127 (D.C. Cir. 2004).

The sole question before us is whether Kirkham's negligence claim is "based upon" her ticket purchase within the meaning of the FSIA's commercial activity exception. Interpreting this exception, the Supreme Court held in *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993), that "based upon" refers to "those elements of a claim that, if proven, would entitle a plaintiff to relief under his theory of the case." In *Nelson*, an American employee of a Saudi hospital brought suit against the Kingdom of Saudi Arabia seeking damages for injuries he

allegedly suffered while detained and tortured by the Saudi government. The employee argued that the commercial activity exception applied because the hospital recruited him in the United States. Acknowledging that the hospital's recruiting activities "led to the conduct that eventually injured" the employee, the Supreme Court nonetheless found that the recruiting efforts were "not the basis for [his] suit." *Id*. at 358.

*Nelson* makes clear that the commercial activity exception has no applicability where the alleged commercial activity is unnecessary to the plaintiff's claim. As the Court explained, even if the employee's allegations about the hospital's recruiting efforts proved true, those facts did nothing to further his intentional tort claims. In other words, because the employee had no need to demonstrate the hospital recruited him in order to prevail on the merits, the hospital's recruiting activities provided no basis for his suit. This case is very different. Because, as Air France concedes, Kirkham *must* show she purchased a plane ticket in order to establish a passenger-carrier relationship with the airline, Oral Arg. at 5:40, 22:25, the ticket sale is necessary to the "duty of care" element of her negligence claim.

Of course, Kirkham's purchase of the ticket is not *sufficient* to establish that element, for she must also demonstrate that she had acquired passenger status at the time of her injury. For this reason, the district court treated the blue-uniformed man's employment status and the extent of his control over Kirkham as jurisdictional facts: Without sufficient evidence that the blue-uniformed man had "initiate[d] [the] duty of care" created by the ticket sale, the district court reasoned, Kirkham would be unable to rely on that sale to establish her claim. *Kirkham*, slip op. at 8-10.

Although we agree with the district court that Kirkham

cannot prevail on the merits of her claim without first demonstrating that she acquired passenger status prior to her injury, we think that issue irrelevant to the jurisdictional question before us. Under the commercial activity exception as interpreted by *Nelson*, we must determine whether the ticket sale is one of "those elements of a claim that, if proven, would entitle [Kirkham] to relief under [her] theory of the case." 507 U.S. at 357. The district court appears to have thought that "elements" refers only to the primary components of Kirkham's negligence claim, i.e., duty of care, breach of duty of care, and proximate causation between that breach and the alleged injury. *See, e.g.*, *Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1297 n.3 (D.C. Cir. 1985) (laying out the elements of a negligence claim). For reasons explained below, we think it more consistent with *Nelson* and the FSIA to read "elements" as referring to *each fact necessary* to establish a claim. In other words, so long as the alleged commercial activity establishes a fact without which the plaintiff will lose, the commercial activity exception applies, regardless of whether the plaintiff has either alleged or provided sufficient evidence of the additional facts necessary to prevail on the merits. *See Santos v. Compagnie Nationale Air France*, 934 F.2d 890, 893 (7th Cir. 1991) ("An action is based upon the elements that prove the claim, no more and no less."), *cited with approval in Nelson*, 507 U.S. at 357; *Nazarian v. Compagnie Nationale Air France*, 989 F. Supp. 504, 508 (S.D.N.Y. 1998) ("In sum, this Court has subject-matter jurisdiction [under the FSIA] over any claims made by the plaintiffs in which the elements of the claim require proof of Air France's commercial activity in the United States.").

Again, we agree that Kirkham will lose if she fails to show that Air France owed her a duty of care at the time of the accident. But she will also lose if she fails to show that the blue-uniformed man acted negligently or that his negligence proximately caused her injury. The problem with the district

court's approach is that it ties sovereign immunity to the merits of the plaintiff's claim, expanding the category of jurisdictional facts to include actions and events other than the actual commercial activity which triggers the exception. Nothing in *Nelson* suggests such an expansive overlap between the question of sovereign immunity and the substance of the plaintiff's claim.

Equally important, the FSIA gives no indication that the exception's applicability depends on any aspect of the plaintiff's claim other than the defendant's commercial activity in the United States. Although the legislative history is "relatively sparse," *Nelson*, 507 U.S. at 357, we know that the statute codifies the "restrictive" theory of foreign sovereign immunity, which holds "a state is immune from the jurisdiction of foreign courts as to its sovereign or public acts (*jure imperii*), but not as to those that are private or commercial in character (*jure gestionis*)," *id*. at 359-60; *see also* 28 U.S.C. § 1602 (noting in the FSIA's "Findings and declaration of purpose" that "[u]nder international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned"). In other words, under the FSIA, once a foreign state engages in a commercial activity in the United States, it becomes subject to litigation based upon that activity—just like any other commercial actor. If a defendant foreign state believes the plaintiff has failed to lay out the elements of her claim or to provide sufficient evidence supporting her non-jurisdictional allegations, it may—like any other federal court defendant—file a Rule 12(b)(6) motion or a Rule 56 motion. *See* Fed. R. Civ. P. 12(b)(6), 56. It may not, however, defeat U.S. court jurisdiction on such grounds. *See, e.g.*, *Nazarian*, 989 F. Supp. at 507-10 (finding subject matter jurisdiction because plaintiffs' negligence claim fell under the commercial activity exception, but considering independently whether to grant defendant's motion to dismiss for failure to state a cause of action).

Accordingly, Kirkham's uncontested ticket purchase is the only jurisdictional fact in this case. Because Air France concedes the ticket sale constituted a commercial activity in the United States, and because Kirkham must establish that sale in order to prevail on the merits, the commercial activity exception applies. We therefore affirm the district court's finding of subject matter jurisdiction under the FSIA.

*So ordered*.